UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

PAMELA S. CARPENTER,                       Case No.: 14-46233-wsd
                                                                 Chapter 7
                    Debtor.                                  Hon. Walter Shapero
_____/

## **OPINION DENYING OBJECTION TO AMENDED SCHEDULES**

On or about March 11, 2014, Monroe Financial Recovery Group, LLC, as Assignee ("Monroe"), represented by Goodman Frost, PLLC, and Timothy Frost, an attorney in that firm, ("Attorneys") had commenced a civil action in state court against Debtor to recover sums owed on Citibank credit card accounts ("State Court Action"). Debtor commenced this bankruptcy case on April 10, 2014, and received her discharge in this no asset Chapter 7 case on July 15, 2014. Apparently, Debtor had not been actually served with process in the State Court Action as of the bankruptcy case filing date. Debtor's initially filed schedules did not list the State Court Action or contain any specifically stated reference to either Monroe or Citibank on any schedule or the Statement of Financial Affairs. On or about June 17, 2014, Monroe obtained a default judgment against Debtor in the State Court Action, following substituted service on the Debtor. Debtor filed a Federal Debt Collections Practices Act lawsuit ("Lawsuit") against Monroe and the Attorneys (together, the "Defendants") in the District Court for the Eastern District of Michigan, on or about March 3, 2015, based generally on alleged failures to vacate the default judgment obtained in the State Court Action, and the actions in further pursing that case. On June 5, 2015, this Court entered an order (a) granting Debtor's motion to reopen the bankruptcy case for the purposes of amending her schedules and (b) reappointing the Chapter 7 trustee. On June

1

11, 2015, Debtor amended her Schedule B to list as assets the Lawsuit against Defendants. Debtor also amended her Schedule C to fully exempt the Lawsuit, pursuant to 11 U.S.C. §522(d)(5). It appears the Lawsuit is in fact a single action, but Debtor's amended schedules list it twice, differentiating the two listings as being "for FDCPA violations pre-petition" and "for FDCPA violations post-petition." On June 17, 2015, Defendants filed an objection to Debtor's Amended Schedules, arguing that (a) Debtor concealed the Lawsuits from this Court on her original bankruptcy schedules; (b) Debtor only sought to amend her bankruptcy schedules to add the Lawsuit as an asset because she was caught fraudulently concealing the same; and (c) Debtor should be judicially estopped from now amending her schedules to reflect the Lawsuit that she fraudulently concealed. Defendants do not, at least yet, specifically seek the disallowance of Debtor's indicated claims of exemption. Debtor factually disputes Defendants' arguments and argues that ultimately the purpose of amendments is to seek to have the Lawsuit effectively abandoned as an asset of the bankruptcy estate and vested in the Debtor. A hearing was held on August 13, 2015.

Given that the Court reopened the case for the express purpose of permitting the specific amendments at issue to be filed (primarily, but not exclusively because there seemed to be the possibility of there being an asset in this, an otherwise no asset case), as well as all of the other indicated facts, the Court concludes that there are certainly no bad faith or other grounds that could lead to a conclusion that the mere filing of the amendments (which is all that is being objected to) should be precluded or undone or that the reopening order was improvidently entered. Therefore, the Defendants' objections are denied. All of the other arguments made by Defendants as part of their objections to the filing of the amendments, are more germane to, and more properly dealt with in the District Court Lawsuit itself.

Given that conclusion, further proceedings in this Court should be pursued as follows:

1. The Chapter 7 trustee should promptly evaluate the situation and decide whether or not the Lawsuit is property of the estate, and if so, whether it would be appropriate for the trustee, rather than Debtor, to pursue it, presumably taking into account, among other things, the claimed exemption relating to it;

2. If the trustee decides the Lawsuit is not property of the estate, or is property of the estate but is not worth pursuing, if otherwise appropriate, the estate can again be closed and the Lawsuit thereby abandoned back to the Debtor to pursue it, subject to and without prejudice to any and all defenses the Defendants might have or properly assert as part of, and in, the District Court Action.

An effectuating order is being entered contemporaneously.

**Signed on August 20, 2015**

                                            **/s/ Walter Shapero**
                                  **Walter Shapero**
                                  **United States Bankruptcy Judge**